IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ACTION NETWORK, INC. ) <br> 555 13th St. NW #510 W ) <br> Washington, D.C.  20004, ) <br>                               Plaintiff, ) <br> v. ) <br> ) <br> CATER AMERICA, LLC ) <br> and ) <br> ROBERT WAYNE JENNINGS ) <br> Moyle White LLP ) <br> Attn: Registered Agent Dept. ) <br> 1400 16th St., 6th Floor ) <br> Denver, CO  80202 ) <br>                              Defendants. ) | Case No. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

1.  Plaintiff American Action Network, Inc. ("AAN") brings this action to recover $350,000 owed to it by Defendants Cater America, LLC ("Cater") and its sole owner and member, Robert Wayne Jennings ("Jennings"), along with all other appropriate relief.

**Jurisdiction and Venue**

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332, in that complete diversity of citizenship exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

    a.  Plaintiff AAN is a Delaware corporation with its principal place of business in the District of Columbia.  It is not a citizen of any states other than Delaware and the District of Columbia.

    b.  Defendant Cater is a limited liability company organized under the laws of Colorado with a principal place of business in Wyoming.  It is not a citizen of Delaware or the District of Columbia.  Its state citizenship is that of its owner and member, Defendant Jennings.

1

  c. Defendant Jennings, a natural person, is the sole owner and member of Cater. He is a citizen of Wyoming or, in the alternative, Colorado.

 3. This Court is a proper venue for this action pursuant to 28 U.S.C. 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this district and Defendants do business in and with this district and otherwise are subject to personal jurisdiction in this district.

### Factual Allegations

 4. Plaintiff AAN had business dealings with Defendants Cater and Jennings during the spring and summer of 2012 concerning contemplated events in Tampa, Florida, during August, 2012. In the course of those dealings, Cater and Jennings repeatedly contacted, communicated with, and dealt with AAN in the District of Columbia.

 5. Plaintiff AAN and Defendants Cater and Jennings both retained legal counsel in the District of Columbia to assist in negotiating and documenting agreements relating to the contemplated August events. Those counsel, acting as representatives of their clients, dealt with one another and with their clients in the District of Columbia.

 6. In the course of those dealings, AAN agreed to and did pay $150,000 to Cater for tickets to a concert by performer Lynyrd Skynyrd to be held in Tampa in August, 2012. The contract under which the tickets were purchased provided as follows:

> In the event that the Lynyrd Skynyrd concert is cancelled (other than as a result of AAN's gross negligence, willful misconduct or material breach under this Agreement), then AAN shall be entitled to a full refund of the Fee, which shall be paid by wire transfer or cashier's check to AAN within 10 days of the announcement of such cancellation.

 7. Cater and Jennings cancelled the concert. The cancellation was attributed to weather and was not due to AAN's gross negligence, willful misconduct, or material breach of any agreement. No refund has been paid.

8. In the course of their dealings, AAN loaned a total of $200,000 to Cater to permit Cater and Jennings to conduct events and carry out obligations in Tampa.

9. AAN has demanded repayment of the sums identified above. Through their D.C. counsel, Cater and Jennings have refused repayment, making baseless claims that the $350,000 is more than offset by amounts supposedly owed by AAN and that $100,000 of the loan actually was a bonus.

10. The entire $350,000 now is due and owing to AAN. Any and all conditions precedent to repayment have been satisfied. Defendants Cater and Jennings have no just basis for withholding repayment.

11. On information and belief, Jennings has not preserved a legal separation between himself and Cater and has knowingly and intentionally caused Cater to make transfers to him and to his benefit that unjustly enrich him and rendered Cater unable to pay its immediate and just debts to AAN. He is the alter ego of Cater.

**Claims**

12. Defendants Cater and Jennings agreed to provide a prompt refund to Plaintiff AAN if the Lynyrd Skynyrd concert were cancelled. It was cancelled but Defendants paid no refund. The resulting failure of consideration, breach of contract, and unjust enrichment of Defendants entitle AAN to refund of the $150,000 ticket price.

13. By accepting loans totaling $200,000, Defendants Cater and Jennings undertook to repay those amounts on demand or, in the alternative, shortly after the contemplated August events. Their failure to repay, despite timely demand and satisfaction of all conditions precedent, is a breach of contract, unjustly enriches the Defendants, and creates an immediately enforceable debt.

## Prayer for Relief

14. For these reasons, AAN demands judgment against Cater and Jennings, jointly and severally, for the principal sum of $350,000, plus prejudgment and post-judgment interest, costs, and all other available and appropriate relief.

December 10, 2012                    Respectfully submitted,

                         /s/ Thomas W. Kirby
                        Thomas W. Kirby (D.C. Bar No. 915231)
                           E-mail: tkirby@wileyrein.com
                        WILEY REIN LLP
                        1776 K St. NW
                        Washington, D.C. 20006
                        202.719.7000
                        *Counsel for American Action Network*

**Plaintiff demands trial by jury**